UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Paul Blackmer

    v.                                      Civil No. 10-cv-014-PB

John Vinson et al.

**O R D E R**

Before the Court is pro se prisoner Paul Blackmer's motion to amend and to expedite process (doc. no. 6) and motion for appointment of counsel (doc. no. 4).  The motion to amend (doc. no. 6) requests the following orders:  (1) leave to amend the complaint by adding the allegations set forth in the motion; (2) expedited consideration of his claims; and (3) a hearing on the claim asserting that state officials have violated Blackmer's right of access to the courts by preventing him from making photocopies.

A.   Motion to Amend and to Expedite Process

Federal Rule of Civil Procedure 15(a) authorizes a plaintiff to amend a complaint once prior to serving it, or within 21 days after service.  Blackmer's complaint (doc. no. 1) has not been served.  Accordingly, Blackmer's motion (doc. no. 6) is granted, to the extent that it amends the complaint (doc. no. 1) before me for preliminary review.

The additional relief requested in that motion, expedition

of this court's consideration of his complaint and a hearing on the claimed violation of his right to access the courts, is mooted by the Report and Recommendation issued this date. My review of the Complaint (doc. nos. 1 & 6) reveals no claim as to which further expedited consideration or a hearing would be necessary or appropriate. Accordingly, the motion (doc. no. 6) is granted to the extent that it seeks to amend the Complaint only, and is denied in all other respects.

B.   Motion for Appointment of Counsel

Blackmer has filed a motion for appointment of counsel (doc. no. 4). There is no absolute constitutional right to free legal representation in a civil case. Bemis v. Kelley, 857 F.2d 14, 15 (1st Cir. 1988). Rather, appointment of counsel in such cases is left to the discretion of the court. See 28 U.S.C. § 1915(d).

Blackmer has offered no specific reason why counsel should be appointed, apart from his status as an indigent inmate and his assertion that the prison is denying him access to photocopies. I note, however, that Blackmer has generated copies of documents using carbon paper and a typewriter, that he has filed such copies as exhibits in this case, and that he is actively litigating a number of cases without counsel. Presumably,

Blackmer could serve such carbon copies on counsel, as required, or request appropriate relief in regards to service or filing in the future if the Report and Recommendation issued this date is not approved. Accordingly, I deny the motion for appointment of counsel (doc. no. 4) without prejudice to renew if the Report and Recommendation is not approved.

## Conclusion

The motion for appointment of counsel (doc. no. 4) is denied without prejudice to renew if the Report and Recommendation is not accepted. The motion to amend and to expedite process (doc. no. 6) is granted in part, only to the extent that it seeks to amend the complaint, and is denied in all other respects.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: June 21, 2010

cc:   Paul Blackmer, pro se