UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Paul Blackmer</u>

  v.           Civil No. 10-cv-014-PB

<u>John Vinson et al.</u>

### REPORT AND RECOMMENDATION

Before the Court is pro se plaintiff Paul Blackmer's amended complaint (doc. nos. 1 & 6) (hereinafter "Complaint").[1] The named defendants are John Vinson, Prosecutor, New Hampshire Attorney General's Office; Becky Harding, New Hampshire State Prison ("NHSP") law librarian; and the following individuals, whose first names are unknown ("FNU"): FNU McGonagle, FNU Seog, and FNU Mullen. Blackmer has asserted in the Complaint (doc. no. 6) that he has suffered a violation of his right to access the courts because defendants are preventing him from making photocopies for use in litigation. The Complaint is before me for preliminary review to determine, among other things, if it contains any claim upon which relief might be granted. See 28 U.S.C. § 1915A; United States District Court, District of New Hampshire, Local Rule ("LR") 4.3(d)(2).

---

[1] I have, this date, issued an Order granting in pertinent part Blackmer's motion to amend the complaint. See Order (granting motion to amend (doc. no. 6), in part, to extent that it seeks to add allegations to complaint, and denying motion in all other respects).

**Standard of Review**

Under LR 4.3(d)(2), when an incarcerated plaintiff commences an action pro se, the magistrate judge conducts a preliminary review.  In conducting a preliminary review, the court construes all of the factual assertions in pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint should be dismissed for failing to state a claim on which relief could be granted, the Court must consider whether the complaint, construed liberally, see Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint states a viable claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

Blackmer was convicted on felony drug charges in New Hampshire in 1997 and 1999. Blackmer is currently in prison on those charges and has been unsuccessful in challenging his convictions. See generally Blackmer v. Warden of N.N.H. Corr. Fac., No. 05-cv-340-PB, 2008 DNH 17, 2008 WL 227267 (D.N.H. Jan. 28, 2008) (denying petition for writ of habeas corpus and discussing procedural history of Blackmer's challenges to his 1997 and 1999 convictions).

Blackmer has been a party in more than ten federal cases during the course of his incarceration. None have resolved

favorably to him and several were dismissed at the preliminary review stage, including, e.g., Blackmer v. Sweat, 08-cv-292-SM, 2008 WL 5120680 (D.N.H. Dec. 3, 2008) (complaint dismissed for failure to state a claim upon which relief could be granted), aff'd, No. 08-2555 (1st Cir. Oct. 5, 2009). Blackmer has obtained an extension of time to file a petition for certiorari in the United States Supreme Court in that case. See Blackmer v. Sweat, No. 09A1204 (U.S. June 10, 2010) (extending cert. petition deadline until August 6, 2010). Blackmer is also litigating claims in the state courts relating to his incarceration.

Blackmer's federal case files are thick with his filings. The NHSP charges prisoners for photocopies, including copies produced for litigation. Blackmer, who is indigent, has asserted that his unpaid bill for photocopies incurred in prison exceeds $700.00, and that, as a result of this high tab, he is currently barred from using the photocopier in the prison library for making copies. The New Hampshire Department of Corrections ("DOC") deducts money from Blackmer's inmate account on an ongoing basis to recoup bit by bit the bill Blackmer incurred for photocopies to date. This has caused Blackmer, since December 2008, to have no funds in his account to purchase hygiene items from the canteen.

According to Blackmer, Becky Harding, the NHSP librarian,

"indicates/admits N.H. Assistant Attorney General John Vinson is party to [the] refusal" to provide Blackmer with photocopies. Blackmer asserts that he needs access to photocopies to attach exhibits to his filings in different cases, and to serve opposing counsel. Specifically, Blackmer notes that, in the case at bar, he has been unable to file Harding's affidavit as an exhibit because he cannot photocopy the affidavit. I note that Blackmer has filed carbon copies of certain typewritten documents as exhibits in this case, but has not filed any copy of a Harding affidavit. See, e.g., Ex. to Ltr. to Court Clerk (doc. no. 7).

The following claims are asserted in the Complaint (doc. nos. 1 & 6)[2]:

    1. Defendants are liable under 42 U.S.C. § 1983 for denying Blackmer access to the courts in violation of his rights under the First and Fourteenth Amendments by restricting his ability to make photocopies.

    2. Defendants are liable under 42 U.S.C. § 1983 for violating the Eighth Amendment's prohibition on cruel and unusual punishment by denying Blackmer the ability to purchase hygiene items from the canteen, by debiting funds from his inmate account to pay his outstanding photocopy bill.

    3. Blackmer's incarceration is illegal.

---

[2]The claims, identified herein, are considered to be the claims raised in the complaint for all purposes. If Blackmer objects to the claims as identified, he must do so by properly filing an objection to this Report and Recommendation or by properly moving to amend his complaint.

The relief requested includes an order directing the DOC to provide Blackmer with legal copies, as well as damages to redress Blackmer's unlawful imprisonment claim.

## Discussion

I.  Access to Courts

Prisoners have a constitutional right of access to the courts that affords them access to the tools necessary to challenge their criminal cases, criminal convictions and sentences directly or collaterally, to file habeas petitions, or to challenge the conditions of their confinement through civil rights actions.  See Lewis v. Casey, 518 U.S. 343, 345 (1996). In order to state a claim for denial of access to the courts under section 1983, a prisoner must demonstrate that the prison officials' actions "hindered his efforts to pursue a legal claim" that he is constitutionally entitled to pursue during his incarceration.  Id. at 351.

Restrictive photocopying policies that present obstacles to an inmate's access to the courts may implicate First Amendment issues and due process rights.  See Hiser v. Franklin, 94 F.3d 1287, 1294 n.6 (9th Cir. 1996) ("inmate has a right to photocopying . . . when, and only when, necessary to guarantee him meaningful access to the courts" (citing Lewis, 518 U.S. at 350-56)); see also Jones v. Franzen, 697 F.2d 801, 803 (7th Cir.

6

1983) (prisoner does not have free-standing liberty interest in "right to xerox").

Here, Blackmer has failed to allege any facts showing that the lack of access to a photocopier has hindered his litigation of any claim. He has not alleged that the inability to file or serve a photocopy of any document has prejudiced him in any way in appealing his convictions, petitioning for a writ of habeas corpus, or challenging the conditions of his confinement. Blackmer has specifically cited his inability to file a photocopy of an affidavit of defendant Harding in this case. That limitation on his filing in this case, for example, is not a factor affecting the outcome. Dismissal of the claim would be warranted even if the facts capable of substantiation by such an affidavit were presumed true. Cf. Ashcroft, 129 S. Ct. at 1949 (court evaluating whether complaint states plausible claim for relief must presume truth of all factual allegations). Accordingly, Blackmer's right to access the courts claim should be dismissed.

II. Eighth Amendment

The Eighth Amendment's prohibition on cruel and unusual punishment applies to the States through the Due Process Clause of the Fourteenth Amendment. See Robinson v. California, 370 U.S. 660, 666-67 (1962). To prove a violation of the Eighth

Amendment, an inmate must show (1) that the deprivation alleged is "objectively, sufficiently serious" such that the inmate was denied "the minimal civilized measure of life's necessities" and (2) that the prison official possessed a "sufficiently culpable state of mind," namely, "deliberate indifference to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (quotation marks and citations omitted).

Here, Blackmer has asserted that he has been unable to purchase hygiene products from the canteen since December 2008 due to the Department of Correction's withdrawing funds from his inmate account to make payments on his photocopy debt. Soap, toothpaste, and similar items may be provided at no cost to indigent prisoners; the canteen is not the only source for such materials. Blackmer has not specifically alleged that he lacks any access to soap, toothpaste, or other items necessary for basic hygiene. Accordingly, I recommend dismissal of this claim. <u>See</u> <u>Sellers v. Worholtz</u>, 86 Fed. Appx. 398, 400 (10th Cir. 2004) (dismissing claim of Eighth Amendment violation, challenging prison's deduction of fees from inmate account that precluded inmate from using account to purchase hygiene products, because prisoner failed to allege that he had been denied free "indigent package" of hygiene supplies).

III. <u>Illegality of Incarceration</u>

A "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78 (2005) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973)). A state prisoner must petition for a writ of habeas corpus under 28 U.S.C. § 2254, or request appropriate state relief for this type of claim instead. <u>Wilkinson</u>, 544 U.S. at 78. "[A] state prisoner's § 1983 action is barred (absent prior invalidation [of the conviction or sentence]) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- <u>if</u> success in that action would necessarily demonstrate the invalidity of confinement or its duration." <u>Id.</u> at 81-82 (emphasis in original).

The federal claim in this case asserting the illegality of Blackmer's incarceration falls squarely within the exclusive province of habeas corpus. Accordingly, Blackmer's claim challenging the legality of his incarceration must be dismissed, as a judgment in Blackmer's favor would necessarily state or imply that his convictions or sentences are invalid. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).

9

## Conclusion

For the foregoing reasons, I recommend that Blackmer's Complaint (doc. nos. 1 & 6) be dismissed. Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: June 21, 2010

cc: Paul Blackmer, pro se

LM:nmd