**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Paul Blackmer

    v.                                        Civil No. 10-cv-014-SM

John Vinson et al.

## O R D E R

Before the Court is pro se prisoner Paul Blackmer's motion
to amend (doc. no. 11).  Also pending is Blackmer's motion for
reconsideration (doc. no. 13), seeking reconsideration of that
portion of the June 21, 2010, Order (doc. no. 9), denying,
without prejudice, Blackmer's motion for appointment of counsel
and a hearing.

The motion to amend (doc. no. 11) seeks leave to add new
claims against a new defendant, Angela Rouleau-Poulin
("Poulin"), Northern New Hampshire Correctional Facility ("NCF")
law librarian, and to amend the original complaint (construed to
consist of doc. nos. 1 and 6), by adding allegations pertaining
to the three claims asserted therein.  The new claims against
Poulin arise from an incident occurring in the prison law
library in June 2010 after Blackmer filed his original complaint
in this action.  My recommendation (doc. no. 10), issued June
21, 2010, that the claims in the original complaint be

dismissed, is pending review by the district court judge.

Blackmer's motion to amend (doc. no. 11) is before me to

determine whether the new claims asserted in the proposed

complaint amendment should be added to this case, and to

determine whether anything set forth in the proposed amendment

would alter my recommendation, see Report and Recommendation

(doc. no. 10), that the court dismiss the claims against the

defendants listed in the original complaint (doc. nos. 1 and 6).[1]

    For reasons set forth more fully below, the motion to amend

and motion for reconsideration are denied.  The motion to amend

is denied as futile to the extent that it seeks to add claims

against Poulin, for the allegations in the proposed amendment

fail to state a claim against her upon which relief can be

granted.  The motion to amend is also denied to the extent that

it seeks to add allegations to redeem the claims asserted in the

original complaint, which I have previously found to be not

viable.  Nothing in the proposed amendment (doc. no. 11) alters

---

    [1]The following individuals are the original defendants named
in the Complaint (doc. nos. 1 and 6):  John Vinson, Prosecutor,
New Hampshire Attorney General's Office; Becky Harding, New
Hampshire State Prison ("NHSP") law librarian; and the following
individuals, whose first names are unknown ("FNU"):  FNU
McGonagle, FNU Seog, and FNU Mullen.

my previous recommendation that this court dismiss all claims
asserted in this case.

## Background

I.   Law Library and Copies

Construed liberally, in a light most favorable to Blackmer,
the proposed amended complaint (doc. no. 11) provides the
following description of an incident occurring on June 22, 2010.
On that date, Blackmer was in the prison law library typing a
document.  He asked Poulin's assistant to make two copies of a
one-page legal document for him.  The assistant checked with
Poulin and reported back that the request was denied.  Poulin
has also refused to provide Blackmer with any carbon paper.
Blackmer, dissatisfied with Poulin's responses, asked her to put
the denials into writing.  Poulin, in an "obvious combative
manner" approached Blackmer and "picked a fight," exclaiming,
"'I'm not playing your games, Mr. Blackmer!'"  Doc. no. 11 at 2.

"'You're sued!'" replied Blackmer, in an "effort to diffuse
Ms. Poulin's effort to argue."  Id.

In "abject malignant retaliation," Poulin "threw" Blackmer
out of the library.  Id.  Blackmer could not enter the law
library from June 30 to July 6, 2010, for reasons not explained
to Blackmer.  Doc. no. 11-1.

II.   Disciplinary Charge and Grievance

Blackmer was sent to "much stricter/more severe confinement" based on a disciplinary report submitted by a corrections officer named "Ms. Walters," substantiated by an officer named "Fiorello."  Walters' charge was dismissed.  Blackmer filed a grievance about Fiorello's "reactionary show off [sic] condescension."  Doc. no. 11 at 3.  Blackmer had not received any response to that grievance before filing his proposed complaint amendment (doc. no. 11) on July 9, 2010.

III. Claims

Blackmer has asserted the following claims in the proposed complaint amendment (doc. no. 11)[2]:

1. Poulin's ejection of Blackmer from the law library on June 22 and his subsequent loss of library access from June 30 to July 6, 2010, was retaliatory for Blackmer's exercise of his First Amendment rights under the United States Constitution.

2. Poulin violated Blackmer's rights under the New Hampshire Constitution, Part 1, Article 8.

---

[2] This identification of claims will be considered for all purposes in this case to be the claims raised in the proposed complaint amendment (doc. no. 11).

Discussion

I.   Motion to Amend

A.   Standard of Review

Federal Rule of Civil Procedure 15(d) provides authority for the court to grant a plaintiff leave to amend the complaint to add allegations regarding an event that happened after the original complaint was filed.  Determining whether to deny a proposed amendment is a matter committed to the district court's discretion.  See Chiang v. Skeirik, 582 F.3d 238, 244 (1st Cir. 2009).  A motion to amend or supplement a complaint may be denied, if granting the proposed amendment would be futile.  See Mueller Co. v. U.S. Pipe & Foundry Co., 351 F. Supp. 2d 1, 2 (D.N.H. 2005) ("denial of a proposed supplement on the basis of futility" is proper).  The magistrate judge has authority to issue an order denying such a motion, subject to review by the district court.  See, e.g., id. (magistrate judge's order subject to de novo standard of review where denial of motion to amend was dispositive); see also Hall v. Norfolk S. Ry. Co., 469 F.3d 590, 595 (7th Cir. 2006) (magistrate judge's order denying motion to amend was nondispositive, and thus subject to district judge's review for clear error).

B.    Retaliation Claims

To establish a First Amendment retaliation claim, a plaintiff must show:  (1) that he was engaged in activities protected by the First Amendment, (2) that the defendant took an adverse action against him, and (3) that there was a causal connection between the protected activity and the adverse action.  See Cossette v. Poulin, 573 F. Supp. 2d 456, 459-60 (D.N.H. 2008).

De minimis reactions to protected speech will not satisfy the second requirement of showing that defendants took an adverse action against the plaintiff.  See Morris v. Powell, 449 F.3d 682, 685-86 (5th Cir. 2006).  Defendant's response to plaintiff's protected speech is not de minimis, however, if the conduct would deter an individual of ordinary firmness from exercising his or her First Amendment rights.  See id. at 686. That standard involves an objective inquiry, "capable of being tailored to the different circumstances in which retaliation claims arise, and capable of screening the most trivial of actions from constitutional cognizance."  Thaddeus-X v. Blatter, 175 F.3d 378, 398 (6th Cir. 1999).  Thus, "[p]risoners may be required to tolerate more than public employees, who may be

required to tolerate more than average citizens, before an action taken against them is considered adverse." See id. Courts have found acts suffered by an inmate to be de minimis, which have imposed only a "'few days of discomfort,'" "'a [single] minor sanction,'" or an "otherwise constitutional restriction." Starr v. Dube, 334 Fed. App'x 341, 342 (1st Cir. 2009) (brackets in original) (quoting Morris, 449 F.3d at 685-86).

Here, Blackmer has alleged no facts suggesting that Poulin's reaction to Blackmer's threatening to sue was more than de minimis. Ejecting Blackmer from the prison law library on a single occasion is not the sort of retaliatory conduct that would chill an ordinary prisoner's exercise of the First Amendment right to engage in protected speech. See Anderson v. Akinjide, 2008 WL 2964145, at *6 (S.D. Tex. July 30, 2008) (denying prisoner access to law library on one occasion was de minimis); cf. Smith v. Yarrow, 78 Fed. App'x 529, 541 (6th Cir. 2003) (isolated incident of law librarian's refusal to photocopy prisoner's documents is de minimis).

As to the period of time, beginning one week later, when Blackmer did not have access to the law library, from Wednesday,

June 30, to Tuesday, July 6, 2010, Blackmer has similarly failed
to show more than a de minimis response.  See Briecke v. Jones,
2005 WL 3700247, at *5 (S.D. Fla. Dec. 30, 2005) ("temporary
lack of access to the law library," not shown to have injured
prisoner, was de minimis).  The days in question included a long
weekend with a federal holiday, Monday, July 5.  Blackmer has
not alleged any facts suggesting that he would otherwise have
had access to the law library on the weekend, or on all of the
days at issue.  Presuming that Blackmer could show a causal
connection between his protected speech and his lack of access
to the library for several days, Blackmer has not alleged any
facts to show either that his lack of access caused him to
suffer any injury in a pending case, or, that a loss of access
to the law library for a temporary period lasting only several
days would have chilled any ordinary inmate's exercise of a
First Amendment right.

     The remaining facts alleged in the proposed complaint
amendment, with respect to corrections officers Fiorello and
Walters, do not show any causal connection relating to
Blackmer's exercise of a First Amendment right.  Accordingly, I
conclude that Blackmer has failed in the proposed complaint

amendment to allege facts sufficient to state a claim of

retaliation upon which relief may be granted.[3]

C.   State Constitutional Claim

Blackmer has additionally asserted in the proposed

complaint amendment that Poulin violated his rights under Part

1, Article 8, of the New Hampshire Constitution, by her

"condescension." Doc. no. 11 at 3.  Article 8 provides:

> All power residing originally in, and being derived
> from, the people, all the magistrates and officers of
> government are their substitutes and agents, and at
> all times accountable to them.  Government, therefore,
> should be open, accessible, accountable and
> responsive.  To that end, the public's right of access
> to governmental proceedings and records shall not be
> unreasonably restricted.

N.H. Const. Pt. 1, Art. 8.  This provision, read in conjunction

with Part 1, Article 7 of the State Constitution, expresses the

"'American theory of government that the state being sovereign,

the people being the state, and all magistrates and public

---

[3] A prisoner is required to exhaust administrative remedies
before filing a claim regarding prison life under section 1983.
See 42 U.S.C. § 1997(e); see also Porter v. Nussle, 534 U.S.
516, 532 (2002).  Unexhausted claims are subject to dismissal.
See Medina-Claudio v. Rodríguez-Mateo, 292 F.3d 31, 36 (1st Cir.
2002).  Here, Blackmer has alleged facts indicating that he had
not exhausted his administrative remedies relating to his law
library claims at the time that he filed the proposed complaint
amendment.

officers being their substitutes and agents[,] they are

accountable to the people.'"  Assoc. Press v. State, 153 N.H.

120, 125, 888 A.2d 1236, 1242 (2005) (citation omitted).

Prior to the addition of the right of access by an

amendment in 1976 that added the last two sentences to this

provision, the State Constitution "did not require any special

method of accountability."  Id.  Thus, the right enforceable

under this provision is the right of access to governmental

proceedings and information.  See Hughes v. Speaker of N.H.

House of Reps., 152 N.H. 276, 289, 876 A.2d 736, 747 (2005)

(Part 1, Article 8 "explicitly protects the public's right of

access and/or the right to know").  Blackmer has not alleged any

facts to show that Poulin's behavior towards him violated any

enforceable right embodied in the cited article of the New

Hampshire Constitution.

D.   Claims in Original Complaint

The original complaint included (1) a claim that defendants

violated Blackmer's access to the courts by restricting his

ability to make copies; (2) a claim that defendants violated the

Eighth Amendment by denying him the ability to purchase hygiene

items, by debiting funds from his inmate account to pay his

outstanding photocopy bill; and (3) a claim that Blackmer's

incarceration is illegal.  Nothing alleged in the proposed

complaint amendment alters my recommendation that those three

claims be dismissed, for reasons stated in the June 21, 2010,

Report and Recommendation (doc. no. 10) ("R&R"), as explained

below.

As to the first claim, Blackmer has not shown that his lack

of access to photocopies has hindered his efforts to pursue a

legal claim that he is constitutionally entitled to pursue

during his incarceration.  See R&R at 6-8 (analyzing Blackmer's

access to courts claim, citing, inter alia, Lewis v. Casey, 518

U.S. 343, 351 (1996)).

As to the second claim, Blackmer cites a distinguishable

case, Gluth v. Kangas, 951 F.3d 1504, 1508 (9th Cir. 1991).  In

that case, the Ninth Circuit held that an indigency standard

applied at a prison was set too high because inmates not

qualifying as indigent were unable to afford legal supplies and

hygiene items, to which they were entitled.  That court applied

a standard for evaluating a right of access to the courts claim

that did not require any showing of actual injury.  See Gluth,

951 F.3d at 1508 & n.2.  That standard was later repudiated by

11

the Supreme Court in <u>Lewis</u>, 518 U.S. at 351 (actual injury must be shown by prisoner alleging denial of right of access to courts).  Here, as explained in my June 21, 2010, Report and Recommendation, Blackmer has not alleged facts indicating that his inability to purchase hygiene items from the canteen has resulted in his lack of access to such articles, or that any prison officials in debiting his inmate account to pay off his photocopy debt have acted with deliberate indifference to his health or safety.  <u>See</u> R&R at 8-9 (analyzing Blackmer's Eighth Amendment inhumane conditions of confinement claim).

Finally, for reasons fully explained in the June 21, 2010, Report and Recommendation, Blackmer's third claim is not cognizable.  <u>See</u> <u>id.</u> at 9-10 (citing cases including <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) (constitutional tort claim challenging legality of incarceration must be dismissed, if judgment would state or imply that convictions or sentences are invalid)).

Therefore, the proposed complaint amendment fails to state any viable new claim upon which relief can be granted, and also fails to assert any allegations that would alter my June 21, 2010, recommendation that the claims asserted in the original

complaint be dismissed.  See R&R.  Granting the motion to amend
would thus be futile.

III. Motion for Reconsideration

Reconsideration may be granted if the movant demonstrates
that the order at issue was based on a manifest error of fact or
law.  See LR 7.2(e).  The June 21, 2010, Order (doc. no. 9),
denying without prejudice Blackmer's motion for appointment of
counsel and motion for a hearing, was based in part on my
recommending dismissal of all of Blackmer's claims, and on
Blackmer's failing to show that an appointment of counsel was
warranted at this time.  Blackmer contends in his motion for
reconsideration that he can no longer obtain carbon copy paper
or make photocopies.  Those factors do not present "'exceptional
circumstances'" in this case, however, to justify an appointment
of counsel at this time, while a recommendation of dismissal is
pending.  Bemis v. Kelley, 857 F.2d 14, 15 (1st Cir. 1988)
(citation omitted).  Similarly, ordering a hearing on claims
that should be dismissed would waste resources.  Accordingly,
Blackmer has not shown that the June 21, 2010, Order was based
on any error, such that reconsideration should be granted.

## Conclusion

Blackmer's motion to amend the complaint (doc. no. 11) and motion for reconsideration (doc. no. 13) are denied.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: October 20, 2010

cc:   Paul Blackmer, pro se

LBM:nmd